## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KRISTINA CIANFRANI-NEWTON | : | |
| 317 Thunder Circle | : | |
| Bensalem, PA 19020 | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | DOCKET NO.:_____ |
| v. | : | |
| | : | |
| VETERINARY SPECIALTY | : | |
| & EMERGENCY CENTER LEVITTOWN | : | |
| 301 Veterans Highway | : | |
| Levittown, PA 19056 | : | |
| and | : | |
| BLUE PEARL VETERINARY | : | |
| PARTNERS, LLC | : | |
| 2950 Busch Lake Blvd. | : | |
| Tampa, FL 33614 | : | |
| and | : | |
| MARS, INCORPORATED | : | **JURY TRIAL DEMANDED** |
| *d/b/a* MARS PETCARE | : | |
| 6885 Elm Street | : | |
| McLean, VA 22101 | : | |
| | : | |
| Defendants. | : | |

## CIVIL ACTION COMPLAINT

Kristina Cianfrani-Newton (*hereinafter* referred to as "Plaintiff," unless indicated otherwise), by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1.     This action has been initiated by Plaintiff against Veterinary Specialty & Emergency Center Levittown, Blue Pearl Veterinary Partners, LLC, and Mars, Incorporated d/b/a Mars Petcare (*hereinafter* collectively referred to as "Defendants") for violations of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq*.), the Family and Medical

Leave Act ("FMLA" – 29 U.S.C. § 2601 et. seq.), and the Pennsylvania Human Relations Act ("PHRA").[1]

2.     Plaintiff asserts, *inter alia*, that she was discriminated against and unlawfully terminated by Defendants.  As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

3.     This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under laws of the United States and seeks redress for violations of federal laws.  There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3.     This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

4.     Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendants are deemed to reside where they are subjected to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

5.     Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes.  She is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file her lawsuit in advance of same because of the date of issuance of her federal right-to-sue letter. Plaintiff's PHRA claims will mirror identically her federal claims under the ADA.

2

Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted her administrative proceedings before initiating this action by timely filing her Charge with the EEOC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

6.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.      Plaintiff is an adult individual, with an address as set forth in the caption.

8.      Veterinary Specialty & Emergency Center Levittown, (*hereinafter* "Defendant Center") is an emergency and specialty veterinary hospital owned and operated by Defendant Blue Pearl. Plaintiff was hired through and worked at this location at the above captioned address.

9.      Blue Pearl Veterinary Partners, LLC (*hereinafter* "Defendant Blue Pearl"), operates emergency and specialty veterinary hospitals throughout the United States and is headquartered at the above captioned address.  Defendant Blue Pearl, upon information and belief, owns and operates Defendant Center.

10.      Mars, Incorporated d/b/a Mars Petcare (*hereinafter* "Defendant SAC"), upon information and belief, is the parent corporation of Defendant Blue Pearl, as Defendant Blue Pearl represents that it is a Mars Petcare "Brand."

11.      Because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership, and management that they may be treated as a single and/or joint employer for purposes of the instant action.

3

12.     At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendants.

## FACTUAL BACKGROUND

13.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14.     Plaintiff was employed by Defendants from in or about August of 2015 until her unlawful termination (as discussed *infra*) on or about February 2, 2020.

15.     Plaintiff worked as an Emergency Veterinary Tech near the end of her employment at Defendant Center located at 301 Veterans Highway, Levittown, PA 19056, and was supervised by Deb Blades (Nurse/Facility Manager)(*hereinafter* referred to as "Blades") and Kathy Amato (Plaintiff's immediate supervisor)(*hereinafter* referred to as "Amato").

16.     Throughout her employment with Defendants, Plaintiff was a hard-working employee who performed her job well.

17.     Plaintiff is a 47-year-old female, and has and continues to suffer from long-term disabilities, such as depression, anxiety, depressive bi-polar disorder, post-traumatic stress disorder, a severe cinnamon allergy, and others.

18.     As a result of her aforesaid health conditions, Plaintiff (at times) is limited in her ability to perform some daily life activities including breathing, working, and sleeping.

19.     Despite her aforesaid health conditions and limitations, Plaintiff was able to perform the duties of her job well with Defendants; however, she did require reasonable medical accommodations at times (discussed further *infra*).

4

20.     Plaintiff apprised Defendants' management, including but not limited to Blades and Amato, of her aforesaid disabilities and need for medical accommodations on multiple occasions throughout her employment with Defendants, including providing Defendants' management with a doctor's note regarding her severe cinnamon allergy.

21.     For example, Plaintiff took approved medical leave under the FMLA for her own personal health conditions in the summer of 2019 and returning in late August of 2019 stemming from an earlier incident whereat a doctor screamed and threatened her in the workplace which caused a flared-up in her health conditions.

22.     Before Plaintiff's FMLA approved leave, Plaintiff worked the day shift with hours from 8 AM until 6 PM in cardiology, in part due to the medications Plaintiff took for her aforesaid disabilities/health conditions.

23.     Upon returning post-medical leave, Defendants refused to reinstatement Plaintiff to the same or similar shift and instead, placed her in Emergency services and changed her shift over Plaintiff's objection(s), whereat Plaintiff then had to work from 2 PM until 2 AM or from 4 PM until 4 AM in violation of state and federal discrimination laws.[2]

---

[2] "On return from FMLA leave, an employee is entitled to be returned to the same position the employee held when leave commenced, or to an equivalent position with equivalent benefits, pay, and other terms and conditions of employment." 29 C.F.R. § 825.214. Under 29 C.F.R. § 825.215(a). "An equivalent position is one that is virtually identical to the employee's former position in terms of pay, benefits and working conditions, including privileges, perquisites and status. It must involve the same or substantially similar duties and responsibilities, which must entail substantially equivalent skill, effort, responsibility, and authority." *Id.* (Emphasis added). *See Kimzey v. Metal Finishing Co.*, Case No. 15-1369-JTM, 2016 U.S. Dist. LEXIS 180364, at *18 (D. Kan. Dec. 29, 2016) (It constitutes an interference violation of the FMLA to even assign an employee a "more physically demanding" job post-FMLA leave, even if the pay is not impacted.) An FMLA leave is conterminously or simultaneously also an ADA accommodation. *See Bernhard v. Brown & Brown of Lehigh Valley, Inc.*, 720 F. Supp. 2d 694, 701-02 (E.D. Pa. 2010) (time off from work, even up to 3 months can constitute a reasonable accommodation under the ADA); *see also Conoshenti v. Public Serv. Elec. & Gas Co.*, 364 F.3d 135, 151 (3d Cir. 2004) (federal courts have permitted leave to be a reasonable accommodation under the ADA); *Shannon v. City of Philadelphia*, Civ. Action No. 98-5277, 19 U.S. LEXIS 18089, at *19-20 (E.D. Pa. Nov. 23, 1999) (time off from work for an extended period of time is a reasonable accommodation under the ADA).

24.     During Plaintiff's last approximate six (6) months of employment following her return from approved FMLA leave, Plaintiff requested accommodations verbally and in writing to work the day shift following Defendants' failure to reinstate her to her prior shift due to the serious implications of the night shift exacerbating Plaintiff's health problems, including the need for breaks or intermittent time off infrequently. Plaintiff specifically informed Defendants' management that her requests to work the day shift were due to her "medication schedule with the mid shift."

25.     Notably, Defendants have a history of intolerance due to employees' health problems, but same drastically heightened during Plaintiff's last months of employment as she was subjected to hostility, pretextual discipline due to her disabilities, and ultimately terminated after experiencing significant discrimination.

26.     For example, Amato made several statements questioning Plaintiff's ability to work in her last 4-5 months such as "can you even work," "can you make it through the day, or "are you able to work at all."

27.     Amato also required Plaintiff work with a particular doctor causing Plaintiff anxiety over Plaintiff's objections and request to change Plaintiff's schedule telling Plaintiff to "work out your anxiety yourself."

28.     Prior to abruptly terminating Plaintiff, Defendants failed to accommodate Plaintiff and Plaintiff's request to work the day shift due to her health conditions, and failed to reinstate her to the same or similar position/schedule upon her return from FMLA leave.

29.     Plaintiff was then terminated for allegedly abandoning patients in the ICU: (a) despite that the alleged issue was weeks before her actual termination; (b) that Plaintiff did nothing

wrong as she is not assigned or supposed to get coverage for her short breaks; and (c) others constantly fail to stay in the ICU and are never counseled or terminated.

30.     Plaintiff believes and therefore avers that she was terminated from Defendants because of: (1) her known and/or perceived health problems; (2) her record of impairment; (3) her requested accommodations; and/or (4) Defendants' failure to properly accommodate her.

**COUNT I**
**Violations of the Americans with Disabilities Act, as amended ("ADA")**
**([1] Actual/Perceived/Record of Disability Discrimination; [2] Retaliation;**
**and [3] Failure to Accommodate)**
**-Against All Defendants-**

31.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

32.     Plaintiff suffered from qualifying health conditions under the ADA which affected her ability (at times) to perform some daily life activities including breathing, working, and sleeping.

33.     Despite Plaintiff's aforementioned health conditions and limitations, she was still able to perform the duties of her job well with Defendants; however, Plaintiff did require reasonable accommodations at times.

34.     Plaintiff kept Defendants' management informed of her serious medical conditions and reasonable accommodations.

35.     Plaintiff requested reasonable accommodations from Defendants, including but not limited to block leave, and for a schedule change to accommodate her health conditions.

36.     Defendants' failed to accommodate Plaintiff's reasonable requests relating to her health conditions, and Plaintiff was abruptly terminated from Defendants shortly after requesting/utilizing reasonable accommodations.

7

37.     Prior to abruptly terminating Plaintiff, Defendants failed to accommodate Plaintiff under the ADA and failed to reinstate her to the same or similar position upon her return from medical leave.

38.     Plaintiff believes and therefore avers that she was terminated from Defendants because of: (1) her known and/or perceived health problems; (2) her record of impairment; (3) her requested accommodations; and/or (4) Defendants' failure to properly accommodate her.

39.     These actions aforesaid constitute violations of the ADA.

**COUNT II**
**<u>Violations of the Family and Medical Leave Act ("FMLA")</u>**
**(Interference & Retaliation)**
**-Against All Defendants-**

40.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

41.     Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

42.     Plaintiff requested leave from Defendants, her employers, with whom she had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

43.     Plaintiff had at least 1,250 hours of service with Defendants during her last full year of employment.[3]

---

[3] *Bowyer v. Dish Network, LLC*, Civil Action No. 01-1496, 2010 U.S. Dist. LEXIS 14680, at * 29 (W.D. Pa. Feb. 19, 2010) (holding all intermittent periods of employment must be considered in the aggregate as to the 1-year employment requirement, as such time by an employee need not be continuous to afford FMLA protection); *Cox v. True N. Energy, LLC*, 524 F. Supp. 2d 927, 938-40 (N.D. Ohio 2007) (holding any argument by a defendant that the 1-year service requirement must be continuous under the FMLA is meritless); *Bell v. Prefix, Inc.*, 422 F. Supp. 2d 810, 813 (E.D. Mich. 2006) (holding that "[t]he plain language of the statute does not . . . support defendant's contention that the 12 months must be continuous"); *Rucker v. Lee Holding Co.*, 471 F.3d 6, 13 (1st Cir. 2006) (same); *Lange v. Showbiz Pizza Time*, 12 F. Supp. 2d 1150, 1153 n.1 (D. Kan. 1998) ("According to the regulations implementing the FMLA,. . .the twelve months 'need not be consecutive months.'").

44.    Defendants are engaged in an industry affecting commerce and employ fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

45.    Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

46.    Plaintiff requested FMLA-approved leave in the summer of 2019 and returning in late the August 2019 timeframe.

47.    Defendants committed interference and retaliation violations of the FMLA by: (1) terminating Plaintiff for requesting and/or exercising her FMLA rights and/or for taking FMLA-qualifying leave; (2) by considering Plaintiff's FMLA leave needs in making the decision to terminate her; (3)  terminating Plaintiff to intimidate her and/or prevent her from taking FMLA-qualifying leave in the future; (4) by making negative comments and/or taking actions towards her that would dissuade a reasonable person from exercising her rights under the FMLA; and (5) by failing to reinstate Plaintiff to the same or similar position upon her return from FMLA leave.

48.    These actions as aforesaid constitute violations of the FMLA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.    Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom of discriminating/retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B.    Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and

seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered retaliation/discrimination at the hands of Defendants until the date of verdict;

C.      Plaintiff is to be awarded punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G.      Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square
Building 2, Ste. 128
Bensalem, PA 19020
(215) 639-0801

Dated:  October 23, 2020

10

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Kristina Cianfrani-Newton | : | CIVIL ACTION |
| v. | : | |
| Veterinary Specialty & Emergency Center Levittown, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X )

| | | |
|---|---|---|
| 10/23/2020 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff:  317 Thunder Circle, Bensalem, PA 19020

Address of Defendant:  301 Veterans Hwy, Levittown, PA 19056; 2950 Busch Lake Blvd, Tampa, FL 33614; 6885 Elm St, McLean, VA 22101

Place of Accident, Incident or Transaction:  Defendants place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☒

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __10/23/2020__       _____       ARK2484 / 91538
                            *Attorney-at-Law / Pro Se Plaintiff*       *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**   *Federal Question Cases:*

- ☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2.  FELA
- ☐ 3.  Jones Act-Personal Injury
- ☐ 4.  Antitrust
- ☐ 5.  Patent
- ☐ 6.  Labor-Management Relations
- ☒ 7.  Civil Rights
- ☐ 8.  Habeas Corpus
- ☐ 9.  Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
      *(Please specify):* _____

**B.**   *Diversity Jurisdiction Cases:*

- ☐ 1.  Insurance Contract and Other Contracts
- ☐ 2.  Airplane Personal Injury
- ☐ 3.  Assault, Defamation
- ☐ 4.  Marine Personal Injury
- ☐ 5.  Motor Vehicle Personal Injury
- ☐ 6.  Other Personal Injury *(Please specify):* _____
- ☐ 7.  Products Liability
- ☐ 8.  Products Liability – Asbestos
- ☐ 9.  All other Diversity Cases
      *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Ari R. Karpf__ , counsel of record *or* pro se plaintiff, do hereby certify:

☒   Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐   Relief other than monetary damages is sought.

DATE: __10/23/2020__       _____       ARK2484 / 91538
                            *Attorney-at-Law / Pro Se Plaintiff*       *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

CIANFRANI-NEWTON, KRISTINA

**(b)** County of Residence of First Listed Plaintiff      Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS

VETERINARY SPECIALTY & EMERGENCY CENTER LEVITTOWN, ET AL.

County of Residence of First Listed Defendant      Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

|   |   |   |   |
|---|---|---|---|
| 1 | U.S. Government Plaintiff | X 3 | Federal Question *(U.S. Government Not a Party)* |
| 2 | U.S. Government Defendant | 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff  f and One Box for Defendant)*
*(For Diversity Cases Only)*

|   | PTF | DEF |   | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | Personal Injury | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product Liability | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | | 840 Trademark | 460 Deportation |
| | | 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | 470 Racketeer Influenced and Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 371 Truth in Lending | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 480 Consumer Credit |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | 720 Labor/Management Relations | 862 Black Lung (923) | 490 Cable/Sat TV |
| 190 Other Contract | 360 Other Personal Injury | 385 Property Damage Product Liability | 740 Railway Labor Act | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/ Exchange |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | | 751 Family and Medical Leave Act | 864 SSID Title XVI | 890 Other Statutory Actions |
| 196 Franchise | | | 790 Other Labor Litigation | 865 RSI (405(g)) | 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 871 IRS—Third Party 26 USC 7609 | 896 Arbitration |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | X 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | 462 Naturalization Application | | |
| | 448 Education | 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| X 1 Original Proceeding | 2 Removed from State Court | 3 Remanded from Appellate Court | 4 Reinstated or Reopened | 5 Transferred from Another District *(specify)* | 6 Multidistrict Litigation - Transfer | 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2601)
Brief description of cause:
Violations of ADA, FMLA and PA Human Relations Act.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   X Yes    'No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   10/23/2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Print      Save As...      Reset